IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRIAN HEATH SPIERS, # R1746**                                                  **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:22cv126-KS-MTP**

**SHERIFF KYLE BRELAND, et al.**                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Brian Heath Spiers is a pretrial detainee at the Walthall County Jail, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Walthall County Jail is dismissed.

### BACKGROUND

Spiers is a pretrial detainee at the Walthall County Jail in Tylertown, Mississippi. Defendants are Walthall County Sheriff Kyle Breland, the Walthall County Jail, Walthall County, and jail employee C. Bailey.

Spiers claims that he had kidney stone surgery on August 23, 2022 and was told by the doctor to go to the emergency room, if he developed blood in his urine. Spiers alleges that he suffered pain and blood in his urine for two weeks but Sheriff Breland and Bailey denied him medical treatment.

On September 19, 2022, Spiers brought this action under 42 U.S.C. § 1983. He seeks compensatory damages.

### DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Spiers to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Spiers sues the jail under § 1983.  The Walthall County Jail's capacity to be sued is determined according to Mississippi law.  Fed. R. Civ. P. 17(b)(3).  Under Mississippi law, a jail is not a separate legal entity which may be sued.  Rather, it is an extension of the county.  *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009).  Therefore, the jail is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claim against Defendant Walthall County Jail is **DISMISSED WITH PREJUDICE** as frivolous.  The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the   15th    day of November, 2022.

                                          s/Keith Starrett
                                UNITED STATES DISTRICT JUDGE